UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREAT PLAINS MANUFACTURING, INC.,

Plaintiff,

v.

KUHN KRAUSE, INC.,

Defendant.

Case No. 18-2005-JAR

**ORDER**

In this patent suit, the parties have submitted a proposed protective order for consideration by the court. They have agreed on all provisions of the proposed order, except for the scope of the patent-prosecution bar set out in paragraph 12 therein. The court ordered the parties to brief the disputed provision (ECF No. 24), and those briefs (ECF Nos. 31-34) are now before the court.

The parties agree to the inclusion of a patent-prosecution bar, whereby no person (i.e., plaintiff's counsel) who has accessed prosecution-bar material ("PBM") can be involved in preparing or prosecuting patent applications directed to agricultural tillage equipment. They disagree, however, about whether the patent-prosecution bar should also prevent plaintiff's litigation counsel from participating in post-issuance review proceedings, such as inter partes review ("IPR"), for the patent-in-suit or related patents.

1

Plaintiff argues the bar should not apply to IPR proceedings.  Defendant argues the bar should apply to preclude litigation counsel's representation at such post-litigation proceedings *unless* plaintiff agrees at the outset of the review proceeding not to pursue new or amended patent claims.

The parties agree the applicable legal standards are set forth in *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378–79 (Fed. Cir. 2010).[1]  Deciding the proper scope of a patent-prosecution bar is a two-step process, which balances a defendant's interest in ensuring its confidential information will not be used to its detriment, with the plaintiff's interest in selecting the counsel of its choice.

First, the court must determine the risk to defendant of "inadvertent disclosure or competitive use" of defendant's confidential information by plaintiff's litigation counsel based on the extent of the affected counsel's involvement in his or her client's competitive decisionmaking.[2]  Under this step, the Federal Circuit recognized that litigation attorneys who also are engaged in "strategically amending or surrendering claim scope during

---

[1] There is no question that Federal Circuit law, rather than regional circuit law, applies to this dispute.  *See In re Deutsche Bank,* 605 F.3d at 1378 ("Given the unique relationship of this issue to patent law, and the importance of establishing a uniform standard, we hold that the determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law.").

[2] *Id.* at 1378-80.  "Competitive decisionmaking" is defined as counsel's activities that "involve counsel's advice and participation in any or all of the client's decisions . . . made in light of similar or corresponding information about a competitor."  *Id*. at 1378 (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)).

2
O:\ORDERS\18-2005-JAR-disputed PO lang.docx

[patent] prosecution," are likely involved in competitive decisionmaking with the opportunity to control the content, direction, and scope of the patent prosecution.[3] Thus, because "[t]he risk of inadvertent disclosure of competitive information learned during litigation is . . . much greater for such attorneys," they "would not likely be properly exempted from a patent prosecution bar."[4]

Under the second step, however, the court must balance the risk to defendant "against the potential harm to the opposing party [i.e., plaintiff] from restrictions imposed on that party's right to have the benefit of counsel of its choice."[5] The court considers such things as "the extent and duration of counsel's past history in representing the client before the [Patent and Trademark Office ("PTO")], the degree of the client's reliance and dependence on that past history, and the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO."[6] "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required."[7]

---

[3] *Id.* at 1380.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 1381.
[7] *Id.* at 1380.

In this case, "[t]his is no easy balancing act."[8] Defendant has demonstrated that the risk of inadvertent disclosure or competitive use of its PBM is high, as plaintiff admits it wants to use the exact same three attorneys for both this litigation and the IPR proceeding on the patent-in-suit. Although at the patent-review stage plaintiff's claims may only be narrowed, there remains the risk that plaintiff could nevertheless restructure the claims based on its counsel's access to defendant's PBM. But under step two, the impact on plaintiff's choice of counsel is high, as defendant's proposal would eliminate the only Hovey Williams attorneys who have entered appearances in plaintiff's past IPRs.

In the end, the court concludes the language proposed by defendant strikes the best balance under *In re Deutsche Bank*, but the court will modify that language to, at least slightly, decrease the harm to plaintiff with respect to its choice of counsel. Specifically, the court removes from paragraph 12 the requirement that plaintiff obtain the written permission of defendant before its counsel may participate in an IPR proceeding. Should there be a dispute in the future about whether the patent-prosecution bar applies to a particular attorney in a particular proceeding, the parties may file a motion asking the court to resolve the question based on the specific situation at issue.[9] In addition, the court limits the applicability of the patent-prosecution bar for IPR proceedings to plaintiff's counsel of

---

[8] *Id.* at 1381.

[9] If such a motion is filed, the court encourages the parties to reach an agreement on an expedited briefing schedule.

4

record in this case. These changes are reflected in the protective order entered simultaneously with this order.[10]

IT IS SO ORDERED.

Dated October 10, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[10] The protective order also eliminates the parties' proposed paragraph 13(c), which inappropriately ordered the clerk to return documents at the conclusion of this litigation.