# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GREAT PLAINS MANUFACTURING, INC.,

    Plaintiff,

    v.

KUHN KRAUSE, INC.,

    Defendant.

Case No. 18-2005-JAR

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, this is an action for patent infringement in which confidential, sensitive, or proprietary information and documents will be sought, produced or exhibited by and among the parties to the above captioned proceeding. Such information and documents may include confidential and highly confidential internal technical product design, product pricing strategies, business relations, the identification of customers, market research, financial data, the amount and/or source of income, profits, losses, and expenditures of the parties, or trade secret or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

Accordingly, the Court finds that good cause exists, including, but not limited to, maintaining each respective party's competitive standing in the market, for the entry of the following protective order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to provide access by the parties to such confidential information, subject to certain protective provisions set forth herein. The parties to this action are

Plaintiff Great Plains Manufacturing, Inc. ("Plaintiff" or "Great Plains") and Defendant Kuhn Krause, Inc. ("Defendant" or "Kuhn Krause"). Great Plains and Kuhn Krause are collectively the "Parties" to this case.

Largely by stipulation of the Parties,[1] IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following terms and conditions shall govern the treatment of confidential information and documents produced or disclosed in the course of discovery in this action.

1. **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order applies to materials or testimony produced by the parties and by third-parties subject to subpoena. Accordingly, all references within this Order to a "party" or the "parties" include third-parties subject to subpoena where applicable.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words

---

[1] The Court has issued an order simultaneously with this protective order that resolves a dispute over the scope of the patent-prosecution bar found in paragraph 12.

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL"), "PROSECUTION BAR MATERIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "PROSECUTION BAR MATERIAL"), or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL, PROSECUTION BAR MATERIAL, or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained from the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, PROSECUTION BAR MATERIAL, or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, PROSECUTION BAR MATERIAL, or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information

learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, PROSECUTION BAR MATERIAL, or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business information, trade secrets, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4. **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, such as, for instance and without limitation, internal technical information describing products and processes of a party, financial information, customer lists, identification of customers, amount or source of any income, profits, losses,

or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which could reasonably be expected to result in injury to an individual or to the business or competitive position of the designating party.

5. **Documents Which May be Designated PROSECUTION BAR MATERIAL.**

Any party may designate documents as PROSECUTION BAR MATERIAL upon making a good faith determination that the documents contain information that should be protected from disclosure as highly sensitive internal technical information describing products or product plans and processes of a party, the disclosure of which could reasonably be expected to result in the possibility of unintentional or intentional use to the advantage of the receiving party in ongoing prosecution of patent applications.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL, PROSECUTION BAR MATERIAL, or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within 28 days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. The designation of the entire deposition and exhibits shall expire after the 28-day review period. Thereafter, only testimony and exhibits

specifically designated by at least one of the parties will remain protected under the terms of this Order.

7. **Protection of Confidential Material.**

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of the above-captioned proceeding, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) Outside counsel of record for the parties;

(2) Employees or contractors of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the above-captioned proceeding;

(3) Up to three (3) designated persons that are employees of a party to this Order including Designated House Counsel of the Receiving Party as defined in section 7(b) below, inasmuch as disclosure of designated material to such persons is reasonably necessary to litigate the above-captioned proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

(4) The court and court personnel, including any special master appointed by the court, and members of the jury;

(5) Court reporters, recorders, and videographers engaged for depositions;

(6) Any mediator appointed by the court or jointly selected by the parties;

(7) Any expert witness, outside consultant, or investigator retained specifically in connection with the above-captioned proceeding, and who at the time of retention is not a current officer, director, or employee of the party, nor anticipated at the time of retention to become an officer, director, or employee of the party, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8) The author or recipient of the designated document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with the above-captioned proceeding;

(10) Any consultant retained for trial strategy or mock jury consultation, having cleared conflicts and signed the Acknowledgment of Understanding and Agreement to be Bound, can view all CONFIDENTIAL, PROSECUTION BAR MATERIAL, and ATTORNEYS EYES ONLY information produced in the case without

disclosure of the consultant to opposing counsel -- this provision also applies to any mock jurors used by the consultant; and

(11) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY and PROSECUTION BAR MATERIAL.**

Documents designated ATTORNEYS EYES ONLY or PROSECUTION BAR MATERIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of the above-captioned proceeding, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY or PROSECUTION BAR MATERIAL to any third person or entity except for those persons designated above in Paragraph 7(a)(1), (2), and (4)-(11), and any other person or entity who the parties agree in writing may receive specifically identified materials designated as ATTORNEYS EYES ONLY or PROSECUTION BAR MATERIAL, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound. Except as authorized herein, ATTORNEYS EYES ONLY and PROSECUTION BAR MATERIAL information shall not be shared with any officer, director and/or employee of the receiving party.

Additionally, a party may identify **Designated House Counsel** to receive ATTORNEYS EYES ONLY and PROSECUTION BAR MATERIAL information**.** Designated House Counsel of the Receiving Party or of a corporate parent of the Receiving Party is an attorney (1) who has no involvement in competitive decision-making of the Receiving Party, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in this paragraph have been followed.

Unless otherwise ordered by the court or agreed to in writing by the designating party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated ATTORNEYS EYES ONLY or PROSECUTION BAR MATERIAL first must make a written request to the designating party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any relevant competitive decision-making.

Any objection by the producing party to disclosure to a Designated House Counsel receiving ATTORNEYS EYES ONLY or PROSECUTION BAR MATERIAL documents must be made in writing within 10 calendar days following receipt of the identification of the proposed person, must be made upon counsel's and the producing party's good faith belief that there is a reasonable likelihood that: (a) the person may use designated material for purposes other than preparation or trial of this case; or (b) disclosure to such person

would threaten the producing party's business or interests, and must set forth the factual basis for the objecting party's belief. Failure to object within 10 calendar days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access to designated material where facts establish a bona fide likelihood that the designated person will use the designated information for purposes other than preparation or trial of the case or that disclosure to such person would threaten the producing party's business or interests.

Within three calendar days after the receipt of such written objection, the party seeking approval of disclosure to the Designated House Counsel shall inform the producing party whether it intends to proceed with the disclosure to the independent person or withdraw its request for approval. If the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court. ATTORNEYS EYES ONLY documents may be disclosed to a Designated House Counsel if no motion for protective order has been filed by the producing party within 20 calendar days following receipt of the identification of the proposed person.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the electronic copies of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents .

(e) <u>**Inadvertent Production.**</u> If a party inadvertently produces CONFIDENTIAL or ATTORNEYS EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing party provides actual written notice to the receiving party or the receiving party becomes aware of the disclosing party's or nonparty's error; provided, however, that the receiving party is under the latter obligation only if it clearly appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the party. As soon as the disclosing party notifies the receiving party of the inadvertent production, the information will be treated as if it had been timely designated under this Order, and the receiving party agrees to endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by this Paragraph 7, as well as any copies made by such persons.

8. **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents Under Seal.** In compliance with the Guidelines for Agreed Protective Orders for the District of Kansas, a party seeking to file confidential information will first file a motion

with the Court and be granted leave to file the particular document under seal and will otherwise file confidential information in accordance with Local Rule 5.4.6 and such other orders as may be entered by the Court.

9. **Challenges by a Party to a Designation for Protection Under this Order.** A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. However, all such objections to the designation of any material as protected by this Order shall be made at or before the final pretrial conference. Any party may request in writing to the party who designated the material that the designation be modified or withdrawn. If the designating party does not agree to re-designation within 10 business days of receipt of the written request, the objecting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. All interested parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court. Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any designation by the other party is in any way proper or correct.

10. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. Except for documents or information to be used for impeachment at trial, if a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for

protection under this Order at least thirty (30) days before the commencement of trial or by the time of the exchange of final exhibit lists, whichever is later, by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are appropriate to govern the use of such documents or information at trial.

11. **Inadvertent Production of Privileged Material**. Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). If a producing party discovers the inadvertent production it must promptly notify the receiving party of the claimed inadvertent production. However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 business days. Upon notice of any such claim, the receiving party shall follow the procedures set forth in Rule 26(b)(5)(B), but may only retain and sequester the identified material if it will seek a determination of the claim from the Court pursuant to that rule.

12. **Patent Prosecution Bar**. For the duration of the above-captioned proceeding and for a period of one year after the conclusion of the above-captioned proceeding, including any appeals, any person who gains access through this Order to PROSECUTION BAR MATERIAL information shall not be involved in or aid in any way (including in a supervisory or advisory capacity) the preparation or prosecution of patent applications

directed to agricultural tillage equipment. In addition, Plaintiff's counsel and any other person employed by Plaintiff who gains access through this Order to Defendant's PROSECUTION BAR MATERIAL information shall be barred from participating in any *ex parte* reexamination proceeding, reissue proceeding, or other proceeding challenging the validity of the patent-in-suit or any related patent application or patent before the United States Patent and Trademark Office. Any counsel of record who gains access through this Order to PROSECUTION BAR MATERIAL information shall not be involved in or aid in any way (including in a supervisory or advisory capacity) in any *inter partes* review proceeding challenging the validity before the United States Patent and Trademark Office regarding the patent-in-suit or any related patent application or patent unless such *inter partes* review proceeding will not include pursuing any new or amended patent claims.

13. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents Designated for Protection Under this Order.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return

or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

Dated October 10, 2018, at Kansas City, Kansas.

        s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

**Stipulated by:**

/s/ *Scott R. Brown*
Scott R. Brown, Kansas Bar No. 23395
  sbrown@hoveywilliams.com
Kameron D. Kelly, Kansas Bar No. 19900
  kkelly@hoveywilliams.com
Matthew B. Walters, Kansas Bar No. 23514
  mwalters@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

ATTORNEYS FOR PLAINTIFF,
GREAT PLAINS MANUFACTURING, INC.

/s/ *Thomas J. Fisher*
Jeffrey J. Simon, Kansas Bar No. 15231
  jeff.simon@huschblackwell.com
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000   Fax: (816) 983-8080

Thomas J. Fisher, *Pro Hac Vice*
  tfisher@oblon.com
OBLON, MCCLELLAND, MAIER
  & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, Virginia 22314
(703) 412-6046   Fax: (703) 413-2220

ATTORNEYS FOR DEFENDANT,
KUHN KRAUSE, INC.

Attachment A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREAT PLAINS MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> KUHN KRAUSE, INC., <br><br> Defendant. | Case No. 2:18-cv-02005-JAR-JPO |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, PROSECUTION BAR MATERIAL – SUBJECT TO PROTECTIVE ORDER, or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ Signature: _____